**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**ARMAS & JOSEPH, APC**
Andrei Armas, Esq. (299703)
aa@armasjoseph.com
1712 W. Beverly Blvd., Suite 201
Montebello, CA 90640
Telephone: (213) 669-2984

*Attorney for Plaintiff*,
Jonathan Nguyen

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN NGUYEN,**<br><br>Plaintiff,<br><br>v.<br><br>**COINBASE, INC;** and, **ONE FINANCE, INC.**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. JONATHAN NGUYEN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of COINBASE, INC ("Coinbase") and ONE FINANCE, INC., ("One Finance") (collectively "Defendants") with regard to an unauthorized electronic funds transfer.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any and all violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendants' violations of the EFTA – as defined above.

9. Because Defendants conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Los Angeles County, State of California, California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendants routinely engage in the practice of electronic fund transfers as defined by 15 U.S.C 1693a(7).

14. Defendants are each a "financial institution" as defined by 15 U.S.C. 1693a(9).

15. Coinbase is a Delaware corporation doing business in the Counties of Sacramento and Los Angeles, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

16. One Finance is a Delaware corporation doing business in the Counties of Sacramento and Los Angeles, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.
18. On November 15, 2023, Plaintiff received a notification alerting him to an unauthorized withdrawal of $2,785.25 from his Coinbase account ("Coinbase Account") into a newly opened account with One Finance ("One Finance Account").
19. Within minutes of getting the notification, Plaintiff called Coinbase to immediately dispute the fraudulent transactions.
20. After Coinbase confirmed Plaintiff's identity, Plaintiff request the locking of this Coinbase Account, including because he received an email notification that the $2,785.25 transferred from his Coinbase Account will arrive in the One Finance Account on November 20, 2023.
21. At that time, Coinbase opened an investigation as to Plaintiff's dispute.
22. Subsequently, and that same day, Plaintiff called One Finance to dispute the fraudulent transactions.
23. During his communication with One Finance, Plaintiff identity was confirmed through an email link provided by One Finance, where Plaintiff submitted his ID and a picture of himself holding it.
24. At that time, Plaintiff informed One Finance of the fraudulent transaction, requested that One Finance halt the transaction and any further transactions, and lock the One Finance Account for investigation.
25. One Finance assured Plaintiff that these actions would be taken, that the funds were still pending in the One Finance Account and that they would be frozen pending the investigation.
26. During the same call, One Finance disclosed to Plaintiff the email used to open the account, affirming that the email did not belong to Plaintiff and that the One Finance Account was not opened by Plaintiff.

27. Plaintiff continued to investigate the transaction that comprised the $2,785.25 worth of the unauthorized transfer and discovered that the fraud may be traced to São Paulo, Brazil, distinctly distant from Plaintiff's residence in California or any proximate location.

28. On November 16, 2023, at the request of One Finance, Plaintiff filed an identity theft affidavit and submitted the same to One Finance, further detailing that the transfer was not made by him.

29. On November 17, 2023, Plaintiff followed up with One Finance to check on the status of his claim and was informed that the investigation was still ongoing, and the funds were still pending in the One Finance Account.

30. On November 21, 2023, Plaintiff received an email from One Finance confirming the closure of the One Finance Account and the conclusion of the investigation.

31. At that point, but after One Finance's representative confirmed the locking of the One Finance Account and the freezing of all the funds at issue in the One Finance Account, Plaintiff was informed by One Finance, and he later noticed via the documents provided by One Finance, that the funds had been withdrawn through two unauthorized transactions on November 16, 2023.

32. Similarly, on November 22 and 24, 2023, Plaintiff received two seperate email from Coinbase confirming the conclusion of its investigation and the denial of his claim.

33. Plaintiff made numerous subsequent disputes through both email and phone, seeking the recovery of the initial unauthorized transaction in the sum of $2,785.25.

34. One Finance, in response, refuted these disputes, ultimately alleging it refunded $0.25 that allegedly remained in the One Finance Account back into the original Coinbase Account.

35. However, upon checking his Coinbase Account, Plaintiff did not see the alleged $0.25 refund.
36. Despite the evidence presented, on December 20, 2023, One Finance sent its final resolution on the dispute through email, stating that they have completed the investigation and that no error has occurred.
37. Plaintiff submitted his dispute to Defendants in less than 60 days from receipt of account statements showing the unauthorized transactions.
38. Defendants' investigations were unreasonable.
39. More specifically, Defendants should have discovered from their own records, including Plaintiff's testimony and investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.
40. At the very least, One Finance should have frozen the One Finance Account and the funds on November 15, 2023, during Plaintiff's initial dispute and as promised by One Finance's representative.
41. Defendants did not have a reasonable basis for believing that Plaintiff's accounts were not in error.
42. Defendants knowingly and willfully concluded that Plaintiff's accounts were not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendants at the time of their respective investigations.
43. Throughout their investigations, Defendants did not provide any provisional credits.
44. Through this conduct, Defendants violated 15 U.S.C. § 1693f.
45. Through this conduct, Defendants violated 15 U.S.C. § 1693g.
46. The abovementioned transactions were "unauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
47. The abovementioned transactions concern an "account" and "electronic fund

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

transfer" via an "accepted card other means of access" and/or "access device" as the terms are defined by 15 U.S.C. § 1693a(1)(2) and (7), respectively and as detailed above.

48. To date, Defendants continues to hold Plaintiff responsible for the fraudulent transactions.

49. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

52. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

//
//
//
//
//
//
//

//
//

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

53. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 8, 2024                                                    Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker, Esq.___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF