**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**ARMAS & JOSEPH, APC**
Andrei Armas, Esq. (299703)
aa@armasjoseph.com
1712 W. Beverly Blvd., Suite 201
Montebello, CA 90640
Telephone: (213) 669-2984

*Attorney for Plaintiff*,
Jonathan Nguyen

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JONATHAN NGUYEN,**

Plaintiff,

**v.**

**COINBASE, INC; AND, ONE FINANCE, INC.**

Defendants.

**Case No.:** 2:24-cv-02818-ODW-JPRx

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

**DATE:** July 15, 2024
**TIME:** 1:30 p.m.
**COURTROOM:** 5D

**HON. OTIS D. WRIGHT II**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** ***Nguyen v. Coinbase, Inc., et al.***
**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. LEGAL STANDARD ..... 3

A. MOTION TO DISMISS ..... 3

B. ARBITRATION ..... 4

IV. ARGUMENT ..... 5

A. STATUTORY BACKGROUND ..... 6

B. NGUYEN ASSERTS A PRIMA FACIE EFTA CLAIM ..... 6

1. *Nguyen has Article III Standing because Nguyen's injury is directly traceable to One Finance's conduct* ..... 8

2. *Nguyen has adequately alleged statutory standing pursuant to EFTA* ..... 9

3. *No agreement is needed to hold One Finance accountable for its EFTA violations* ..... 12

4. *Nguyen adequately alleged the One Finance account is a personal account subject to EFTA* ..... 14

C. ONE FINANCE'S REQUEST TO COMPEL ARBITRATION SHOULD BE DENIED ..... 16

1. *Nguyen did not agree to arbitrate his disputes with One Finance* ..... 16

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

2. *One Finance failed to provide authority compelling a victim of identity theft to arbitration* .................................................... 17

3. *If necessary, Nguyen requests a trial on the question of arbitration* ........................................................................ 18

V. CONCLUSION ........................................................................................ 18

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*AT&T Mobility LLC v. Concepcion*,
131 S. Ct. 1740 (2011) .......... 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 3, 4

*Camacho v. JPMorgan Chase Bank, N.A.*,
2015 U.S. Dist. LEXIS 120132 (N.D. Cal. Sept. 9, 2015) .......... 7

*Cifaldo v. BNY Mellon Inv. Servicing Tr. Co.*,
2017 U.S. Dist. LEXIS 79079 (D. Nev. May 23, 2017) .......... 7

*Cornock v. Trans Union LLC*,
638 F. Supp. 2d 158 (D.N.H. 2009) .......... 17

*Crosby v. Credit Acceptance Corp.*,
2015 U.S. Dist. LEXIS 89513 (E.D. Mich. 2015) .......... 17

*Doctor's Associates, Inc. v. Casarotto*,
517 U.S. 681 (1996) .......... 5

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002) .......... 5

*Exarhos v. JPMorgan Chase Bank, N.A.*,
2021 U.S. Dist. LEXIS 135292 (N.D. Ill. July 20, 2021) .......... 7

*Fazio v. Lehman Bros. Inc.*,
340 F.3d 386 (6th Cir. 2001) .......... 17

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) .......... 5, 16

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Geoffroy v. Wash. Mut. Bank*,
2008 U.S. Dist. LEXIS 132534 (S.D. Cal. Mar. 26, 2008) ........................ 8, 9

*Glover v. Comenity Capital Bank*,
2017 U.S. Dist. LEXIS 68907 (S.D. Cal. Apr. 24, 2017) ............................ 16

*Green v. Capital One, N.A.*,
557 F. Supp. 3d 441 (S.D.N.Y. 2021) .......................................................... 7

*Guadagno v. E*Trade Bank*,
592 F. Supp. 2d 1263 (C.D. Cal. 2008) ......................................................... 5

*Hendrick v. Brown & Root, Inc.*,
50 F. Supp. 2d 527 (E.D. Va. 1999) ............................................................... 5

*Howsam v. Dean Wittier Reynolds, Inc.*,
537 U.S. 79 (2002) ......................................................................................... 4

*Hudson v. Babilonia*,
2015 U.S. Dist. LEXIS 41247 (D. Conn. 2015) ........................................... 17

*Johnson v. Green Dot Corp.*,
2021 WL 2945533 (C.D. Cal. July 8, 2021) ................................................ 11

*Lexmark International Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ..................................................................................... 10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................................................................................... 8

*Morse v. Servicemaster Global Holdings, Inc.*,
2012 U.S. Dist. LEXIS 144691 (N.D. Cal. Oct. 4, 2012) .............................. 4

*Myers v. Starbucks Corp.*,
2021 U.S. Dist. LEXIS 92482 (C.D. Cal. May 5, 2021) ................................ 3

*Nagrampa v. MailCoups, Inc.*,
469 F.3d 1257 (9th Cir. 2006) .................................................................... 4, 5

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

*Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134 (S.D.N.Y. 2023) .......... 14

*Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991) .......... 4

*S.C. Wildlife Fed'n v. S.C. Dep't of Transp.*, 485 F. Supp. 2d 661 (D.S.C. 2007) .......... 8

*Shipley v. Hunter Warfield, Inc.*, 2022 U.S. Dist. LEXIS 28403 (M.D. Fla. Feb. 17, 2022) .......... 9

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .......... 4

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011) .......... 8

*Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292 (9th Cir. 1994) .......... 16

*Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468 (1989) .......... 5

*Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579 (9th Cir. 2021) 146 So. 2d 615 (Fla. Dist. Ct. App. 1962) .......... 6, 12

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## I. INTRODUCTION

Imagine waking up one day to find that your hard-earned savings have vanished, your financial stability shattered by a faceless criminal. This nightmare became a reality for Plaintiff JONATHAN NGUYEN, an upstanding citizen and diligent saver, who fell victim to identity theft. In an unsettling chain of events, Nguyen's Coinbase account was hacked, and a fraudulent account was subsequently opened in his name with Defendant ONE FINANCE, INC. Rather than aiding him in his time of need, One Finance falsely reassured Nguyen it was doing everything it could to protect him while in reality it had allowed the funds to be transferred through unauthorized electronic funds transfers.

For his part, Nguyen did everything right: he promptly notified One Finance of the error, expecting the institution to safeguard his interests. Instead, One Finance neglected its duty, conducting a cursory investigation and overlooking multiple opportunities to thwart the fraud. This reckless conduct left Nguyen nearly $3,000 poorer, struggling to rebuild his life.

One Finance now seeks to dismiss Nguyen's claims under the Electronic Funds Transfer Act or compel them to arbitration. Both motions are not only baseless but also a stark attempt to shirk responsibility for their failure to prevent and address the fraudulent activity. For the reasons discussed herein, Nguyen requests this Court deny One Finance's Motion in its entirety.

## II. STATEMENT OF FACTS

One Finance's cursory review of the facts glosses through a number of material allegations in Nguyen's Complaint to paint an incomplete picture for this Court. Nguyen thus discusses the facts in detail below. Assuming these facts to be true, One Finance's Motion to Dismiss and Motion to Compel Arbitration should each be denied.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **1 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

**November 15, 2023:** Nguyen opened an account with Defendant COINBASE, INC. sometime prior to November 15, 2023. On November 15, 2023, Nguyen's Coinbase Account was hacked and $2,785.25 was transferred into an account in with One Finance. [Complaint, ¶ 18]. The fraudster opened this account in Nguyen's name by utilizing Nguyen's personal identifying information ("PII"), such as Nguyen's telephone number; first name; last name; a fake email; address; date of birth; and, social security number. [*See* One Finance's Exhibit A, ECF No. 24-2].

That same date, Nguyen contacted One Finance to dispute the fraudulent transaction. [Complaint, ¶ 22]. Nguyen confirmed his identity during this telephonic communication with One Finance by providing his Driver License and a picture of himself holding it. [*Id*., ¶ 23]. Thereafter, Nguyen reiterated he was the victim of identity theft and requested One Finance halt the transaction and lock the account for investigation. [*Id*., at ¶ 24]. One Finance assured Nguyen the funds were still processing (as opposed to being a completed transaction) and that it would freeze the funds as requested. [*Id*., at ¶ 25]. Given Nguyen's ownership of the funds, Nguyen claimed ownership of the One Finance fraudulent account.

Through further investigation, Nguyen determined the fraud may be traced to São Paulo, Brazil. [*Id*., at ¶ 27].

**November 16, 2023:** Nguyen filed an Identity Theft Affidavit with the Federal Trade Commission at the request of One Finance on November 16, 2023. [*Id*., at ¶ 28]. Therein, Nguyen explained the basis for his belief that he is the victim of identity theft and provided this document to One Finance to assist in its investigation. [*Id*.].

**November 17, 2023:** Hearing nothing from One Finance, Nguyen contacted it again for an update on his claim on November 17, 2023. [*Id*., at ¶ 29]. One

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **2 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

Finance informed Nguyen the investigation was ongoing and that the funds remained pending in the One Finance Account. [*Id*.].

**November 21, 2023:** One Finance notified Nguyen it had rejected his disputes. [*Id*., at ¶ 30]. Nguyen however continued disputing the fraudulent transactions throughout the month of November 2023. [*Id*., at ¶ 33].

**December 20, 2023:** One Finance issued its final rejection of Nguyen's claim on December 20, 2023. [*Id*., at ¶ 36]. It informed Nguyen that One Finance had completed its investigation and erroneously found no error occurred. [*Id*.]. In fact, Nguyen learned contrary to One Finance's representations it had released the funds on November 16, 2023 instead of freezing the transactions. [*Id*., ¶ 31]. This action was filed following One Finance's unreasonable investigation of Nguyen's notice of error.

## III. LEGAL STANDARD

One Finance combines two separate arguments in a single Motion that are subject to separate standards each of which are discussed below.

### A. MOTION TO DISMISS

"Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted." *Myers v. Starbucks Corp.*, No. 20-cv-335 JWH (SHKx), 2021 U.S. Dist. LEXIS 92482, at *6 (C.D. Cal. May 5, 2021). "Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a 'short and plain statement of the claim showing that a pleader is entitled to relief,' in order to give the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *Id*. citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **3 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

most favorable to the non-moving party." *Id*. citing *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

"To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. citing *Twombly*, 550 U.S. at 570; and, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). '"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."' *Id*. citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B. ARBITRATION**

The arbitrability of a particular dispute is a threshold issue to be decided by the courts. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006) citing to *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, i.e., the question of arbitrability, is an issue for judicial determination…")

Before a court may grant a motion to compel arbitration, the Federal Arbitration Act ("FAA") requires the Court to determine whether a valid agreement to arbitrate exists. *Morse v. Servicemaster Global Holdings, Inc.*, No. C 10-00628 SI, 2012 U.S. Dist. LEXIS 144691, *8-9 (N.D. Cal. Oct. 4, 2012) (Illston, J.) (citing *Republic of Nicaragua v. Standard Fruit Co*., 937 F.2d 469, 477-478 (9th Cir. 1991)); 9 U.S.C. § 4. The "basic objective" of courts in deciding whether a dispute is arbitrable is to ensure that "arbitration agreements, like other contracts, are

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **4 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

enforced according to their terms and according to the intentions of the parties." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995) (internal quotations omitted). The FAA therefore "does not require parties to arbitrate when they have not agreed to do so." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). While the FAA creates a presumption in favor of arbitration, that presumption "does not confer a right to compel arbitration of any dispute at any time." *Morse*, 2012 U.S. Dist. LEXIS 144691 at *9 (*citing Volt Info. Scis. v. Bd. of Trs.,* 489 U.S. 468, 474 (1989)). Indeed, the presumption in favor of arbitration "does not apply in resolving doubts respecting whether the parties have reached an agreement respecting what they will arbitrate." *Hendrick v. Brown & Root, Inc.*, 50 F. Supp. 2d 527, 533 (E.D. Va. 1999).

The Ninth Circuit explained that even valid arbitration agreements can be waived upon such grounds as exist at law or in equity for the revocation of any contract. *See Nagrampa*, 469 F.3d at 1268 citing to 9 U.S.C.S § 2. This position was recently affirmed by the United States Supreme Court wherein the Court explained that arbitration agreements may "be invalidated by 'generally applicable contract defenses...'" *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1742-1743 (2011) citing to *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Accordingly, the Court must determine whether there are legal or equitable grounds to refrain from enforcing an arbitration clause. *See Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1268 (C.D. Cal. 2008).

## IV. <u>ARGUMENT</u>

Nguyen has alleged a meritorious EFTA claim warranting a denial of One Finance's Motion. Similarly, One Finance's efforts to enforce its arbitration clause against a victim of identity theft has been repeatedly rejected in other similar matters.

### A. STATUTORY BACKGROUND

"Congress enacted … EFTA [t]o address concerns raised by the increasing prevalence of electronic banking transactions." *Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 580-81 (9th Cir. 2021). "Lawmakers viewed such transactions—processed through computer networks without human interaction—as 'much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods.'" *Id* citing Bank of America v. City and County of San Francisco, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)). "Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges." See 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution, 13 U.S.F. L. Rev. 231, 238 (1979). "Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers." *Id*.

This matter falls within the exact purpose for which EFTA was enacted. Nguyen was the victim of multiple fraudulent electronic transactions regarding an account opened with One Finance in Nguyen's name but without his knowledge or consent. Despite timely notice of this error, One Finance failed to take any meaningful steps instead forcing Nguyen to lose thousands of dollars of his hard-earned funds.

### B. NGUYEN ASSERTS A PRIMA FACIE EFTA CLAIM PURSUANT TO 1693F.

As an initial matter, "[t]he EFTA defines an 'unauthorized electronic transfer' as…an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:24-cv-02818-ODW-JPRx 6 OF 19 *Nguyen v. Coinbase, Inc., et al.*

PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

from which the consumer receives no benefit.'" *Green v. Capital One, N.A.*, 557 F. Supp. 3d 441, 446-47 (S.D.N.Y. 2021).

Moreover, "[t]he EFTA contains an error resolution process which obligates consumers to report transfer errors to financial institutions within 60 days after having been transmitted the written documentation containing the error." *Cifaldo v. BNY Mellon Inv. Servicing Tr. Co.*, No. 2:17-cv-00842-JAD-NJK, 2017 U.S. Dist. LEXIS 79079, at *4 (D. Nev. May 23, 2017) citing *Camacho v. JPMorgan Chase Bank*, 2015 U.S. Dist. LEXIS 120132, at *2 (N.D. Cal. Sept. 9, 2015). Thereafter, "a financial institution that receives sufficiently timely notice from a consumer of an error [is required] to: '[1] investigate the alleged error, [2] determine whether an error has occurred, and [3] report or mail the results of such investigation and determination to the consumer within ten business days.'" *Exarhos v. JPMorgan Chase Bank, N.A.*, No. 20 C 7754, 2021 U.S. Dist. LEXIS 135292, at *5 (N.D. Ill. July 20, 2021). "If the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error…including crediting of interest where applicable.'" *Camacho v. JPMorgan Chase Bank*, No. 5:14-cv-04048-EJD, 2015 U.S. Dist. LEXIS 120132, at *6-7 (N.D. Cal. Sep. 9, 2015).

Here, One Finance does not challenge these material prima facie elements instead seeking dismissal of Nguyen's claims because a fraudster opened the account in Nguyen's name instead of Nguyen himself. As discussed below, this aspect of One Finance's Motion should be denied because (1) Nguyen has Article III Standing to pursue these claims against One Finance; (2) Nguyen has statutory standing to pursue his EFTA claims; (3) EFTA permits identity theft victims to pursue such claims despite the absence of their agreement to a financial institution's terms and conditions; and, (4) Nguyen adequately alleged the existence of an

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **7 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

account governed by EFTA.

1. ***Nguyen has Article III Standing because Nguyen's injury is directly traceable to One Finance's conduct.***

One Finance's kitchen-sink approach to seeking dismissal of Nguyen's Complaint first focuses on a purported lack of standing. [Motion, §§ III(A)-(B)]. In an exercise of misdirection, One Finance asserts Nguyen solely has an EFTA claim against Coinbase since Nguyen's funds were initially taken from his Coinbase account. [Motion, 5:10-12]. This assertion ignores One Finance's separate conduct related to the fraudulent account in Nguyen's name that resulted in the unauthorized electronic funds transfer at issue herein.

For purposes of a motion to dismiss, the requirements for establishing Article III standing are interpreted more leniently than at subsequent stages of litigation. *S.C. Wildlife Fed'n v. S.C. Dep't of Transp.*, 485 F. Supp. 2d 661, 668–69 (D.S.C. 2007) – citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("…on a motion to dismiss the 'general factual allegations of injury resulting from the defendant's conduct may suffice' to demonstrate standing.")

Here, 15 U.S.C. § 1693m permits a consumer to recover any actual damages incurred because of an EFTA violation as wells as statutory damages between $100 and $1,000. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011). Moreover, 1693f awards treble damages in the event the financial institution did not make a good faith investigation of an error; or did not have a reasonable basis for believing the consumer's account was not in error; or when the financial institution rejected the error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. *Geoffroy v. Wash. Mut. Bank*, No. 06cv1732 JM(WMC), 2008 U.S. Dist. LEXIS 132534, at *7 (S.D. Cal. Mar. 26, 2008).

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Nguyen's damages that are directly traceable back to One Finance are Nguyen's statutory damages of $100 to $1,000 in statutory damages; $2,785.25 in pecuniary loss; and, emotional distress.[1] These damages are wholly separate from Coinbase's conduct instead relating to One Finance's failed promises to protect Nguyen's funds. One Finance had every opportunity to stop the fraud in its tracks since Nguyen disputed the unauthorized electronic funds transfers while the transaction was pending. One Finance thereafter reassured Nguyen that the account would be frozen pending the investigation. However, despite all of this, One Finance nevertheless allowed the funds to be transferred out of the account at subsequent date by someone other than Nguyen.

Thus, Nguyen has established the casual connection between the injury (i.e., the loss of his funds and associated emotional distress) and the conduct complaint of, which is traceable to One Finance's (i.e., the confirmation and acknowledgement that the account was for all purposes Nguyen's; the subsequent reassurance that the account would be frozen pending an investigation and while the funds were still pending; and the subsequent allowance of the transfer of the funds by someone other than Nguyen during the investigation period).

**2. *Nguyen has adequately alleged statutory standing pursuant to EFTA.***

One Finance next argues for dismissal claiming a lack of statutory standing since the fraudster opened the account with One Finance. [Motion, 8:18-21].

However, "a plaintiff has statutory standing under *Lexmark* if [the claim] 'falls within the class of plaintiffs whom Congress has authorized to sue under' a substantive statute." *Methodist Hosps. of Dallas*, 947 F.3d 301, 307 (5th Cir. 2020)

---

[1] The issue of a double recovery is more appropriately decided through post-verdict Motion as opposed to Motion to Dismiss at the pleadings stage. *Shipley v. Hunter Warfield, Inc.*, No. 8:20-cv-2285-JSM-SPF, 2022 U.S. Dist. LEXIS 28403, at *4-5 (M.D. Fla. Feb. 17, 2022)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:24-cv-02818-ODW-JPRx 9 OF 19 *Nguyen v. Coinbase, Inc., et al.*

PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

– citing *Lexmark International, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 127-28, (2014). "Whether a plaintiff comes within the zone of interests is an issue that requires courts to determine, using traditional tools of statutory interpretation, whether a legislatively conferred cause of action encompasses a particular plaintiff's claim. This test is not especially demanding. It forecloses suit only when a plaintiff's interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress authorized that plaintiff to sue." *Id.* (internal quotation marks and citation omitted).

Congress specifically found that "[t]he primary objective of [the EFTA] … is the provision of individual consumer rights." 15 U.S.C.A. § 1693(b). Relevant here, the term "unauthorized electronic fund transfer" means an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit. 15 U.S.C.A. § 1693a(12); 12 C.F.R. 1005.2(m). The term "consumer" means a natural person. 15 U.S.C.A. § 1693a(6); 12 C.F.R. 1005.2(e). The term "account" means a demand deposit (checking), savings deposit, or other asset account held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes, including also a "prepaid account." 15 U.S.C.A. § 1693a(2); 12 C.F.R. 1005.2(b)(1) and (3).

Here, Nguyen alleges that One Finance failed to adequately address an error resolution request as to an unauthorized electronic fund transfer of his funds. (Compl. 1 ¶ 22-44 and 50-53.) For this purpose and relevant here, he also alleges he is a consumer and that this involves an account. (*Id*. ¶ 12 and 47.) Thus, under the primary objective of the EFTA and its plain language, Nguyen has adequately alleged an EFTA violation against One Finance.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **10 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

There is no mandatory authority, and One Finance has not cited to any, that specifically holds that a "consumer account" (which are two separate terms under the EFTA) means that the account needs to be opened by the consumer bringing the EFTA claim (as argued by One Finance – *see* MTD at 8:18-21), or even owned by that consumer (as indicated by the persuasive authority cited by One Finance – *see* MTD at 8:4-17). In fact, the only relevant mandatory authority proposes that so long as the consumer's PII was used to open the account,[2] the consumer can bring a claim under the EFTA. *See Johnson v. Green Dot Corp.,* No. EDCV 20-1952-GW-KKX, 2021 WL 2945533, at *5 (C.D. Cal. July 8, 2021) – (finding that since the consumer identification and verification process was completed, even though it may have been completed by an identity thief posing as the consumer, plaintiff may bring a claim under the EFTA.) This is especially true given that "Congress undoubtedly intended the Act's coverage to be broad especially with respect to evolving electronic fund transfer systems such as prepaid cards *and accounts*." (emphasis added) *Id*. at *5.

Here, as in *Johnson*, the One Finance Account was opened with Nguyen's PII, which was confirmed by One Finance and Nguyen which is enough to sustain his EFTA claim. Even under One Finance's persuasive authority, at the time of the unauthorized transaction, Nguyen did have a "consumer account" with One Finance. Notably, Nguyen claimed ownership of the One Finance Account prior to the unauthorized transaction, including by having his PII confirmed by One Finance and by requesting that the email used to open the account (i.e., the only information not belonging to him) be changed to his email. Thus, Nguyen's claim falls within the zone of interest protected by the EFTA.

---

[2] Specifically, this is proposed in regard to a prepaid account, which is a distinction without relevance here and in fact part of the general definition of "account" under Regulation E.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:24-cv-02818-ODW-JPRx 11 OF 19 *Nguyen v. Coinbase, Inc., et al.*

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

Further, after claiming ownership of the One Finance Account, Nguyen requested that One Finance freeze the account to stop any further unauthorized transactions of his funds. However, despite confirmations and reassurances that the funds were pending and that the same would be frozen, One Finance allowed the unauthorized transfer of the funds out of the account. One Finance subsequently also failed to correct this via its investigation, including failing to credit the account during its investigation. Thus, his injury under EFTA was also directly caused by One Finance.

Accordingly, Nguyen has statutory standing under the EFTA against One Finance.

**3. *No agreement is needed to hold One Finance accountable for its EFTA violations.***

Relevant here and for pursues of initiating a claim regarding an unauthorized transaction, the EFTA - including Regulation E, does not require a pre-existing agreement *between* the consumer and the financial institution. (emphasis added) *See generally* 15 U.S.C.A. § 1693a and 12 C.F.R. 1005.2(m); *see also generally* 15 U.S.C.A. § 1693f and g, and 12 C.F.R. 1005.3, 1005.6 and 1055.8; *see also Widjaja*, 21 F.4th at 584 (simply, "[t]he EFTA authorizes a private right of action against a bank that 'fails to comply' with any provision of the Act, including the provision limiting a consumer's liability for unauthorized transfers. § 1693m(a).")

Although Regulation E (not the plain language of the EFTA) – addressing accounts covered – finds that an agreement may be necessary, it specifically finds that the agreement may *between a consumer and a third party*, not just a consumer and the financial institution. 12 C.F.R. 1005.3, Supp. I, 3(a)(1)(i) and (ii).[3] Further,

[3] Specifically, stating that "[t]he requirements of the regulation apply only to an account for which an agreement for EFT services to or from the account has been

CASE NO.: 2:24-cv-02818-ODW-JPRx 12 OF 19 *Nguyen v. Coinbase, Inc., et al.*

PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Regulation E – addressing limits on liability – states that "no agreement between the consumer and an institution may impose greater liability on the consumer for an unauthorized transfer than the limits provided in Regulation E". 12 C.F.R. 1005.6(b), Supp. I, 6(b)(3). This framework therefore allows consumers to pursue violations under the EFTA against financial institutions that they do not necessarily have an agreement with, so long as they do so with a third-party and the account-holding institution received notice of the same and an initiation of a fund transferer. *See Id*.

As mentioned above, One Finances relies on persuasive authorities that seem to have missed the point, especially as to the relevant facts in this case.[4] This court should follow *Johnson*, allowing consumer that are victims of identity theft to pursue claims against financial institutions for unauthorized transfers, especially when the plain meaning of the EFTA and the intention of Congress clearly intend the same. *Johnson*, 2021 WL 2945533, at *5.

**4. *Nguyen adequately alleged the One Finance account is a personal account subject to EFTA.***

For the EFTA to apply, the account must be "established primarily for personal, family, or household purposes" 15 U.S.C § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

---

entered into between [either] the consumer and the financial institution [*or*] *the consumer and a third party*, when the account-holding institution has received notice of the agreement and the fund transfers have begun." (emphasis added)

[4] As before, One Finance argues – via persuasive authority – that, since Plaintiff did not execute an agreement with One Finance, the EFTA does not apply to One Finance, since essentially the One Finance Account is not his consumer account. (MTD at 10:3-7.) This is essentially the same incorrect argument One Finance relied on before.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:24-cv-02818-ODW-JPRx 13 OF 19 *Nguyen v. Coinbase, Inc., et al.*
PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

The definition excludes an account held pursuant to a bona fide trust agreement (*id.*), profit-sharing and pension accounts established under a trust agreement, escrow accounts, and accounts for accumulating funds to purchase U.S. savings bonds. (12 C.F.R. 1005.2(b)(1), Supp. I, 2(b)). Further, 12 C.F.R. 1005, Supp. I, .30(g)3 sheds some light on what may also be excluded, stating that "an account that was established as a business or commercial account[,] or an account held by a business entity such as a corporation, not-for-profit corporation, professional corporation, limited liability company, partnership, or sole proprietorship, is not requested primarily for personal, family, or household purposes."

Thus, to make this determination, the nature of the account holder and the account's primary use are important – which is a question of fact. See *Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134, 144 (S.D.N.Y. 2023) ("The EFTA's reference to 'personal' accounts distinguishes between an account established for a natural person's own use, including for investments, and one established by a natural person for a separate entity, such as a business")

Here, as a preliminary matter and for purposes of a motion to dismiss, Nguyen alleges that both the Coinbase Account and One Finance Account are accounts under the EFTA – i.e., for personal, family, and/or household purposes. After all, it is unlikely the fraudster stole Nguyen's funds to benefit a legitimate business as opposed to for their own personal gain.

In addition, the One Finance Account was not opened in the name of a business or other such separate entity. The One Finance Account was opened by an individual, and purportedly Nguyen – i.e., with Nguyen's PII. Further, as soon as Nguyen claimed ownership of the One Finance Account, he claimed ownership in his capacity as an individual.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

The One Finance Account was not opened pursuant to a bona fide trust agreement; it was not a profit-sharing or pension account, or an escrow account, or an account for accumulating funds to purchase U.S. savings bonds. Regardless of why the Coinbase Account was opened[5] – which Nguyen alleges was for personal purposes,[6] the One Finance Account was opened for purposes of transferring Nguyen's personal funds from the Coinbase Account. Further, as soon as Nguyen claimed ownership of the One Finance Account, he did so for purposes of security his personal stolen funds.

As such and at this stage, Nguyen has sufficiently alleged that that One Finance Account an established primarily for personal, family, or household purposes.

### C. ONE FINANCE'S REQUEST TO COMPEL ARBITRATION SHOULD BE DENIED.

After arguing for the dismissal of Nguyen's claims due to a lack of account with One Finance, One Finance next argues Nguyen's claims should proceed to

---

[5] Electronic transfers of cryptocurrency are regulated by EFTA and cryptocurrency accounts, like investment accounts or money market mutual fund accounts established with a profit motive in mind, are "personal" asset accounts covered by EFTA. *Nero,* 688 F. Supp. at 141 and 144 – ("There is no portion of that definition which would exclude coverage of a transfer of cryptocurrency or which limits coverage to fiat currency transfers … Examples of asset accounts which would be covered are money market mutual fund accounts and positive balances in margin accounts at a stock brokerage.")

[6] Nguyen opened the Coinbase Account to essentially serve as higher interest savings account. Plaintiff did not have a large sum of funds in the account (i.e., $2,785.25) like the *Yullie* plaintiff (i.e., $5 million) and did not allege that he opened the Coinbase Account to generally engage in the trading of cryptocurrency like the *Yullie* plaintiff. *Yuille v. Uphold HQ Inc.*, 686 F. Supp. 3d 323, 334 and 341–42 (S.D.N.Y. 2023)

CASE NO.: 2:24-cv-02818-ODW-JPRx 15 OF 19 *Nguyen v. Coinbase, Inc., et al.*

PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

arbitration due to its account agreements containing arbitration clauses. Such an argument has already been rejected in an EFTA matter following Judge Wu's application of basic contract law. *See Johnson*, 2021 WL 2945533, at *4-6.

More specifically, "[a]rbitration is a matter of contract, and a party 'cannot be required to submit to arbitration any dispute which he has not agreed to so submit.'" *Glover v. Comenity Capital Bank*, No. 3:16-cv-01785-BEN-BLM, 2017 U.S. Dist. LEXIS 68907, at *3 (S.D. Cal. Apr. 24, 2017) citing *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994). "In doing so, a court 'should not assume that the parties agreed to arbitrate unless there is 'clea[r] and unmistakabl[e]' evidence that they did so.'" *Id.* citing *First Options of Chicago, Inc.*, 514 U.S. at 944.

**1. *Nguyen did not agree to arbitrate his disputes with One Finance.***

"In determining whether to issue an order compelling arbitration, the Court may not review the merits of the dispute, but must limit its inquiry to: (1) whether the arbitration agreement is governed by Chapter One of the Federal Arbitration Act...; (2) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (3) whether there exists a valid agreement to arbitrate, and (4) whether the dispute falls within the scope of the agreement to arbitrate." *Chavez v. Bank of Am.*, 2011 U.S. Dist. LEXIS 116630, at *7 (N.D. Cal. 2011) citing to *Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9h Cir. 1991); *Prima Pain v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967); and, *Ecuador v. Chevron Texaco Corp.*, 376 F. Supp. 2d 334, 347 (S.D.N.Y. 2005).

Here, One Finance's Motion sidesteps the impact of Nguyen being a victim of identity theft yet One Finance does not dispute the account at issue was opened remotely by the fraudster. It was the fraudster that agreed to One Finance's Terms of Service as opposed to Nguyen. As such, Nguyen did not seek to open the account

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **16 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

with One Finance, did not agree to One Finance's terms and conditions, and did not agree to arbitrate his claims with One Finance. [*Id.*, ¶¶ 14-16]. Absent such agreements, One Finance cannot establish a valid agreement to arbitrate necessitating a denial of One Finance's Motion to Compel Arbitration.

**2. *One Finance failed to provide authority compelling a victim of identity theft to arbitration.***

One Finance failed to provide authority requiring a victim of identity theft to arbitrate claims. To the contrary, District Courts have routinely rejected such attempts to bind victims of identity theft to agreements unknowingly entered into in their names. *See Cornock v. Trans Union LLC*, 638 F. Supp. 2d 158, 162 (D.N.H. 2009) (rejecting Bank of America's Motion to Compel Arbitration since it would unfairly "allow any credit card company to force victims of identity theft into arbitration, simply because that person's name is on the account."); *Crosby v. Credit Acceptance Corp.*, 2015 U.S. Dist. LEXIS 89513, at *3 (E.D. Mich. 2015) citing to *Fazio v. Lehman Bros. Inc.*, 340 F.3d 386, 397 (6th Cir. 2001) (denying Motion to Compel Arbitration since "it 'is firmly established that an arbitration clause obtained by forgery is not valid'"); and, *Hudson v. Babilonia*, 2015 U.S. Dist. LEXIS 41247, at *7 (D. Conn. 2015) (denying Sallie Mae's Motion to Compel Arbitration filed against victim of identity theft).

Here, Nguyen did not open an account with One Finance nor was the fraudster authorized to do so on his behalf. Absent such agreements, Nguyen, the victims of identity theft, cannot be compelled to arbitrate their claims. Thus, Coinbase's Motion should be denied.

**3. *If necessary, Nguyen requests a trial on the arbitration issue.***

In *Glover*, the Honorable Roger T. Benitez ordered a trial for the resolution of similar disputed facts related to a victim of identity theft's alleged agreement to

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 2:24-cv-02818-ODW-JPRx 17 OF 19 *Nguyen v. Coinbase, Inc., et al.*
PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION

arbitrate her claims with a creditor "find[ing] that there [was] a genuine question of fact in need of resolution." *Glover*, 2017 U.S. Dist. LEXIS 68907, at *6 citing 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.'"). An objective review of the filings before this Court establishes, at a minimum, that the Parties disagree regarding assent to One Finance's contract. Thus, Nguyen requests resolution of this issue through live testimony.

## V. CONCLUSION

Nguyen stands before this Court, not as a statistic, but as a real person whose life has been upended by identity theft and institutional negligence. His plight underscores the very reason EFTA exists: to protect consumers from the devastating impacts of unauthorized electronic transfers. One Finance's actions—or lack thereof—betrayed the trust that consumers like Nguyen place in financial institutions to safeguard their assets and respond promptly and adequately when fraud occurs.

The EFTA is a consumer protection statute, designed to be broadly construed to achieve its purpose. Dismissing Nguyen's claims or compelling them to arbitration would not only undermine EFTA's protective intent but also set a dangerous precedent that emboldens financial institutions to neglect their investigative duties.

For these reasons, Nguyen respectfully requests this Court deny One Finance's Motions to dismiss and to compel arbitration. By doing so, the Court will uphold the integrity of EFTA, affirm the rights of consumers, and provide Nguyen with the opportunity to seek redress for the profound disruption and financial loss he has endured.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **18 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

Date: June 24, 2024 **LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**ARMAS & JOSEPH, APC**

By: ___/s/ Andrei Armas___
ANDREI ARMAS, ESQ.
ATTORNEY FOR PLAINTIFF

## WORD COUNT

This brief contains 6,264 words.

Date: June 24, 2024 **LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff Jonathan Nguyen's Opposition to Defendant One Finance, Inc.'s Motion to Dismiss Nguyen's Complaint or, in the alternative, to Compel Arbitration* has been filed via CM/ECF on June 24, 2024.

___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 2:24-cv-02818-ODW-JPRx** **19 OF 19** ***Nguyen v. Coinbase, Inc., et al.***

**PLAINTIFF JONATHAN NGUYEN'S OPPOSITION TO DEFENDANT ONE FINANCE, INC.'S MOTION TO DISMISS NGUYEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**