O

# United States District Court
# Central District of California

| | |
|---|---|
| JONATHAN NGUYEN,<br><br>            Plaintiff,<br><br>     v.<br><br>COINBASE INC. et al.,<br><br>            Defendants. | Case № 2:24-cv-02818-ODW (JPRx)<br><br>**ORDER GRANTING DEFENDANT ONE FINANCE INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION [24]** |

## I.      INTRODUCTION

Plaintiff Jonathan Nguyen brings this action alleging violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, against Defendants Coinbase Inc. ("Coinbase") and One Finance Inc. ("One Finance"). (Compl., ECF No. 1.)  One Finance moves to dismiss Nguyen's claim against it pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6). (Mot. Dismiss & Compel ("Mot." or "Motion"), ECF No. 24.)  One Finance also moves, in the alternative, to compel Nguyen to arbitrate his claim. (*Id.*)  For the reasons discussed below, the Court **GRANTS** One Finance's Motion to dismiss Nguyen's claim against it.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

On November 15, 2023, Nguyen received a notification regarding a $2,785.25 transfer from his Coinbase account ("Coinbase Account") to a newly opened One Finance account ("One Finance Account"). (Compl. ¶ 18.) Nguyen did not authorize this transfer, and immediately contacted Coinbase and One Finance to dispute it. (*Id.* ¶¶ 18–24.)

During Nguyen's call with One Finance, a One Finance representative assured Nguyen that the funds remained in the One Finance Account and that One Finance would freeze the account pending investigation. (*Id.* ¶ 25.) Nguyen also confirmed to the One Finance representative that he did not open the One Finance Account and that the email used to open the One Finance Account did not belong to him. (*Id.* ¶ 26.) In the following days, Nguyen submitted an identity theft affidavit to One Finance, and One Finance confirmed that the funds remained in the One Finance Account. (*Id.* ¶¶ 28–29.) On November 21, 2023, One Finance notified Nguyen of the account's closure and conclusion of its investigation. (*Id.* ¶ 30.) Despite One Finance's prior assurances, the funds that were transferred from the Coinbase Account to the One Finance Account were subsequently transferred to a third account on November 16, 2023. (*Id* ¶ 31.) Nguyen made further disputes to One Finance, seeking recovery of the transferred amount. (*Id.* ¶ 33.) On December 20, 2023, One Finance emailed Nguyen its final resolution of his disputes, concluding that no error had occurred. (*Id.* ¶ 36.)

Nguyen initiated this action, asserting one count against Coinbase and One Finance for violating the EFTA. (*Id.* ¶¶ 50–52.) On June 3, 2024, the Court granted Nguyen and Coinbase's stipulation to compel arbitration. (Order Granting Joint Stip., ECF No. 22.) The EFTA requires a financial institution to investigate "alleged error[s]," such as "an unauthorized electronic transfer," with respect to consumer

---

[2] All factual references derive from Nguyen's Complaint or attached exhibits, unless otherwise noted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss).

documentation or a consumer's account after a consumer notifies it of such error. 15 U.S.C. §§ 1693f(a), (f). In some cases, the EFTA requires a financial institution to provide a consumer with a provisional credit of the amount the consumer alleges is in error. *Id.* § 1693f(c). Further, the EFTA provides that a consumer can recover treble damages if the financial institution, among other things, "knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation." *Id.* §§ 1693f(e)(2). With respect to his claims against One Finance, Nguyen alleges that it should have frozen the One Finance Account during his initial dispute "and as promised by One Finance's representative" on November 15, 2023, failed to provisionally credit his account, and "knowingly and willfully concluded that Plaintiff's accounts were not in error." (Compl. ¶ 38–43.) One Finance moved to dismiss Nguyen's claim against it, or in the alternative, compel Nguyen to arbitrate his claim against it. (Mot.) The Motion to is fully briefed. (Opp'n Mot. ("Opp'n"), ECF No. 26; Reply ISO Mot. ("Reply"), ECF No. 27.)

### III.  LEGAL STANDARD

**A.  Motion to Dismiss**

Pursuant to Rule 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In resolving a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). The

court does not need to presume the truthfulness of the plaintiff's allegations. *Id*. Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Additionally, a court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.    Motion to Compel**

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a valid arbitration agreement exists, a party "may petition any United States district court . . . for an order

1  directing . . . arbitration [to] proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.

Generally, when a party moves to compel arbitration pursuant to an arbitration agreement, the FAA limits the district courts inquiry to determining "two 'gateway' issues." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). First, the court must determine whether the litigating parties agreed to arbitration, and second, whether the arbitration agreement covers the dispute. *Id.* "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

## IV.   DISCUSSION

Without Article III standing, the Court lacks jurisdiction to hear this case or compel the parties to arbitrate. Therefore, the Court first analyzes One Finance's contention that Nguyen lacks Article III standing. *See Y.H. by & through Harris v. Blizzard Ent., Inc.*, No. 22-56145, 2023 WL 7015280, at *2 (9th Cir. Oct. 25, 2023) (vacating district court's denial of motion to compel arbitration and remanding to district court to first determine whether plaintiff has Article III standing). Finding Nguyen sufficiently alleges Article III standing, the Court next turns to One Finance's motion to compel arbitration. *See Miller v. Travel Guard Grp., Inc.*, No. 21-CV-09751-VC, 2022 WL 2712507, at *1 (N.D. Cal. July 13, 2022) (explaining that a motion to dismiss under Rule 12(b)(6), including whether plaintiffs have statutory standing, is "not appropriate to resolve until the motion to compel is adjudicated"). As the Court finds Nguyen is not required to arbitrate his claim, the Court addresses One Finance's remaining arguments that Nguyen fails to state a claim under Rule 12(b)(6). *See id.*

**A.   Article III Standing**

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that

is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Even putting aside his claim for statutory damages, (Compl., Prayer for Relief), Nguyen alleges he suffered an injury in fact through the theft of $2,785.25 of his funds, (*id.* ¶¶ 18, 27, 33). One Finance argues that it did not cause Nguyen's injury because his injury stems from the funds being stolen from the Coinbase Account, not from One Finance's actions, and Nguyen "cannot allege an injury arising from the transfer of funds that were already lost to him." (Mot. 6.) But Nguyen alleges that he was in contact with One Finance prior to the outgoing transfer of funds from the One Finance Account, (Compl. ¶¶ 18, 22–28, 31), and that One Finance assured him it would freeze the One Finance Account prior to the outgoing transfer, (*id.* ¶¶ 25, 40). Additionally, Nguyen alleges that One Finance failed to take actions required by the EFTA with respect to his One Finance Account, not the Coinbase Account. (*Id.* ¶¶ 41–42 (referring to the One Finance Account as "Plaintiff's account[]") Nguyen thus identifies an injury that is traceable to One Finance's independent conduct to support Article III standing at this stage.

**B.    Motion to Compel**

One Finance also argues that Nguyen's claim must be arbitrated under the doctrine of equitable estoppel because Nguyen asserts rights under the One Finance Terms of Service and Deposit Agreement (the "Agreement"), even though Nguyen never signed the agreement. (Mot. 15–20; Reply 9–10.)

Under the equitable estoppel doctrine, "a plaintiff may be bound to an arbitration clause in a contract he did not sign if the claims asserted are 'dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the agreement containing the arbitration clause.'" *Stafford v. Rite Aid Corp.*, 998 F.3d 862, 865 (9th Cir. 2021) (quoting *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 218 (2009)). However, "merely making reference to an agreement with an arbitration clause is not enough." *In re Henson*, 869 F.3d 1052, 1060 (9th Cir. 2013) (quoting *Goldman*, 173 Cal. App. 4th at 218). "The touchstone for equitable

estoppel is whether a nonsignatory is relying on an agreement for one purpose while disavowing the arbitration clause of the agreement." *Stafford*, 998 F.3d at 866 (internal quotation marks omitted).

One Finance asserts that the Agreement "provides account holders with protections under the EFTA" and Nguyen's claim "is premised exclusively on a violation of the EFTA and related duties that could arise only from a One Finance agreement." (Mot. 17–18.) One Finance adds that the EFTA requires a plaintiff maintain an account with One Finance to state a claim against it, and that a consumer cannot open an account with One Finance without an agreement that also contains an arbitration clause. (*Id.*) Therefore, according to One Finance, "[i]t would be unfair for Plaintiff to assert the benefits of account ownership without abiding by the arbitration provisions to which all One Finance customers must agree." (Reply 10.)

The Court finds that the doctrine of equitable estoppel does not apply to Nguyen's EFTA claim as pleaded. Contrary to One Finance's assertion, the Agreement does not "provide[] account holders with protections under the EFTA," (Mot. 17), and Nguyen does not assert a claim for breach of the Agreement, (*see* Compl.). Rather, the EFTA itself provides consumers with independent protections, and Nguyen explicitly brings one claim under the statute, not the Agreement. (*See id.* ¶¶ 50–52.) Even if the EFTA requires a consumer account for a plaintiff to state a claim, as One Finance argues, (Mot. 18), and even if Nguyen "assumed," (Decl. Jonathan Nguyen ISO Opp'n ¶ 8, ECF No. 26-1), or "claimed ownership" of, (Opp'n 11), the One Finance Account prior to the alleged EFTA violation, it does not follow that his claims are necessarily "dependent upon, or founded in and inextricably intertwined with, the" One Finance Agreement. *Stafford*, 998 F.3d at 865; *see Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1130–31 (9th Cir. 2013) (rejecting argument that plaintiff's claims were necessarily based on the underlying purchase contracts because the lawsuit was predicated on the fact that a vehicle purchase occurred); *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1231 (9th Cir. 2013) (rejecting application

of equitable estoppel doctrine where "Plaintiffs' claims do not depend on the Agreement's terms"); *Ellington v. Eclipse Recreational Vehicles*, No. 21-55021, 2022 WL 72351, at *1 (9th Cir. Jan. 7, 2022) (Plaintiff's "claims do not depend on the purchase agreements. Instead, they rely only on the fact that he purchased the trailer."). Here, at most, Nguyen's claim relies on the existence of a consumer account, not the terms of the Agreement. Accordingly, the Court **DENIES** One Finance's request to compel arbitration.

### C. Motion to Dismiss

Having established Nguyen is not required to arbitrate his claim, the Court turns to One Finance's motion to dismiss for failure to state a claim. (*See* Mot. 7–15.)

*1. Statutory Standing*

One Finance argues that Nguyen lacks statutory standing to assert an EFTA claim against it because he has not alleged that he owned the One Finance Account and because One Finance's alleged violation of the EFTA (i.e., its failure to reasonably investigate the improper transfer and provisionally credit the One Finance Account) did not cause Nguyen's injuries. (Mot. 7–9.) "Statutory standing requires a plaintiff to 'fall within the zone of interests protected by the law invoked.'" *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1222 (9th Cir. 2022) (quoting *Lexmark Int'l, Inc. v. Statis Control Components, Inc.*, 572 U.S. 118, 129 (2014)). To determine whether a plaintiff's claim falls within the zone of interests, courts "use[] traditional tools of statutory interpretation" to examine "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." *Id.* (quoting *Lexmark Int'l*, 572 U.S. at 129).

The parties dispute whether the EFTA requires a plaintiff to own the account from which an unauthorized electronic transfer was made. (*See* Mot. 7–8; Opp'n 9–12; Reply 6–7); *see also* 15 U.S.C. § 1693a(12) (defining "unauthorized electronic transfer" as a transfer "from a consumer's account initiated by a person other than the consumer"). However, the Court need not decide this issue at this stage. Even if

Nguyen must have owned the One Finance Account to bring an EFTA claim, he plausibly alleges that the account belonged to him. In the Complaint, Nguyen describes the Coinbase Account and One Finance Account as "Plaintiff's accounts." (Compl. ¶¶ 41–42.) Moreover, Nguyen alleges that One Finance assured him that it would take actions with respect to the One Finance Account in response to his requests, and that One Finance told him that it refunded a small sum of money from the One Finance Account to the Coinbase Account. (*Id.* ¶¶ 24–25, 34.) These allegations support an inference that Nguyen claims to have owned the One Finance Account. (*See* Opp'n 11.) Additionally, for the reasons explained with respect to Article III standing, Nguyen plausibly alleges that One Finance caused his injuries. Therefore, Nguyen alleges facts in the Complaint that support statutory standing.

### 2. *One Finance Account Purpose*

One Finance separately moves to dismiss Nguyen's EFTA claim because he fails to allege that the One Finance Account is an "account" as defined by the EFTA. (Mot. 13–15.) Nguyen alleges the transfer from the One Finance Account was an "unauthorized electronic transfer[]," (Compl. ¶ 46), which the EFTA defines as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer," 15 U.S.C. § 1693a(12).

The EFTA defines an "account" to include "a demand deposit, savings deposit, or other asset account . . . , as described in the regulations of the [Consumer Financial Protection Bureau ("CFPB")], established primarily for personal, family, or household purposes." *Id.* §§ 1693a(2), (6). CFPB regulations define "[a]ccount" to mean "a demand deposit (checking), savings, or other consumer asset account . . . held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes." 12 C.F.R. § 205.2(b)(1). "The CFPB provides little color on this definition in its Official Interpretations." *Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134, 143 (S.D.N.Y. 2023). CFBP's Official Interpretations state that a "consumer asset account" includes "[c]lub accounts, such as vacation clubs" and "retail

repurchase agreement[s]," but excludes "[p]rofit-sharing and pension accounts established under a trust agreement," "[e]scrow accounts," and "[a]ccounts for accumulating funds to purchase U.S. savings bonds." 12 C.F.R. pt. 1005, supp. I, ¶ 2(b). CFPB's Official Interpretations also contrast an account established "as a business or commercial account or an account held by a business entity" as distinct from one established "primarily for personal, family, or household purposes." 12 C.F.R. pt. 1005, supp. I, ¶¶ 30(g)(2)–(3). Outside of this, neither the statute nor CFPB's regulations provide guidance on what constitutes an account established "primarily for personal, family, or household purposes."

At the time Congress enacted the EFTA, in 1978, Black's Law Dictionary defined "establish" as, among other things, "[t]o settle or fix firmly; place on permanent footing; found; create" or "[t]o bring into being; to build to constitute; to create; to form; [and] to found." *Establish*, Black's Law Dictionary (Rev. 4th ed. 1968; *see also Establish*, Black's Law Dictionary (Rev. 5th ed. 1979) ("To settle or fix firmly; place on permanent footing; found; create" and "[t]o bring about or into existence"). Therefore, Nguyen must allege that the person who used Nguyen's email and identity to open the One Finance Account, (Compl. ¶¶ 26–27), set up the account "primarily for personal, family, or household purposes," 15 U.S.C. § 1693a(6). (*Compare* Opp'n 15 (describing *Nguyen's* purpose for "claim[ing] ownership of the One Finance Account").)

Nguyen makes no such allegation in his Complaint. (*See generally* Compl.) Instead, in his Opposition, he asserts that this "is a question of fact" not suitable for resolution at the pleading stage. (Opp'n 14.) Nguyen is correct that the purpose for establishing an account is a question of fact; however, under the Rule 12(b)(6) standard, a plaintiff must allege facts that, when taken as true, state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678. Therefore, Nguyen's failure to allege facts to support that account was established primarily for personal, family, or household purposes, is fatal to his claim.

In his Opposition, Nguyen speculates that "it is unlikely the fraudster stole [his] funds to benefit a legitimate business as opposed to for their own personal gain." (Opp'n 14.) This argument does not save Nguyen's claim. First, he does not make any such allegation in his Complaint. (*See* Compl. ¶¶ 26–27 (alleging that "the One Finance Account was not opened by Plaintiff" and "the fraud may be traced to São Paulo, Brazil").) Second, even if Nguyen made this allegation, it would not constitute an allegation that the fraudster established the account for "primarily for personal, family, or household purposes." 15 U.S.C. § 1693a(6). That a consumer sets up an account for fraudulent or illegal purposes does not mean that the account is one for "personal" use. *See Adler v. Fed. Republic of Nigeria*, 219 F.3d 869, 875 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Aug. 17, 2000) ("[T]hat the contract was for an illegal purpose, and therefore was unenforceable, does nothing to destroy its commercial nature."); *cf. Pittsburgh Press Co. v. Pittsburgh Comm'n on Hum. Rels.*, 413 U.S. 376, 388, (1973) (describing "illegal commercial activity"). For example, the fraudster could have established the One Finance Account as part of an illegal business enterprise that sets up accounts using stolen identities. In that case, the fraudster would not have a personal, family, or household purpose for setting up the account, but he would have a commercial—albeit illegal—purpose.

Finally, Nguyen's allegation that the "transaction[] concern[ed] an 'account'" as defined by 15 U.S.C. § 1693(a)(2), (Compl. ¶ 47), is merely a recitation of the legal standard and does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Accordingly, Nguyen fails to allege that the One Finance Account was established for a "personal, family, or household purpose," as required to state a claim under the EFTA. *See* 15 U.S.C. § 1693a(6). As a result, the Court declines to address One Finance's other arguments for dismissal.

## V.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** One Finance's Motion to Dismiss.  (ECF No. 24.)  Accordingly, the Court dismisses One Finance from this action.  The Court also denies One Finance's requested alternative relief to compel arbitration.

**IT IS SO ORDERED.**

November 20, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**